IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOE NATHAN DAVIS,

    Petitioner,

v.                                        Civil Action No. 5:07cv4
                                        (Judge Stamp)

DOMINIC GUTIERREZ,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On January 8, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to transfer him to a Community Corrections Center ("CCC") for the last six months of his term of imprisonment. On January 17, 2007, the petitioner paid the required $5.00 filing fee. By Order entered January 19, 2007, the Court directed the respondent to answer the petition. On February 21, 2007, the respondent filed a Response to the Order to Show Cause and Motion to Dismiss. On February 28, 2007, the Court issued a Roseboro Notice informing the *pro se* petitioner of his right to respond to the respondent's motion to dismiss. On March 6, 2007, the petitioner filed his objections to the respondent's motion to dismiss.

## I. Factual Background

In the memorandum in support of his motion to dismiss, the respondent asserts that the petitioner was designated to FCI Morgantown on April 6, 2006, to serve an 18 month sentence imposed by the United States District Court for the Eastern District of Michigan. On May 9, 2006, the petitioner received an initial classification meeting in which he was advised that he would be

1

reviewed for CCC placement 11-13 months prior to his release date. On the day after the petitioner initiated this case, Bureau staff considered the petitioner for CCC referral and recommended that the petitioner be referred to a CCC on May 22, 2007. Accordingly, the undersigned has consulted the Bureau of Prisons inmate locator and has discovered that the petitioner is currently incarcerated at a CCC in Detroit, Michigan.[1]

## II. Mootness

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

## III. Analysis

In the petition, the petitioner sought release to a CCC for the last six months of his sentence. However, during the pendency of this case, the petitioner has already been transferred to a CCC. Thus, the petitioner has already received the relief sought, transfer to a CCC, and the Court is no longer able to grant the petitioner the relief requested. Accordingly, this case is now moot.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DISMISSED** as **MOOT**. Accordingly, the undersigned also recommends that the respondent's Motion to Dismiss this case on the merits (dckt. 10) be **DENIED** and that this case be removed from the Court's active docket.

---

[1] See www.bop.gov.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: June __11__, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE